UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRELL WILLIAMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 6:02-cv-1097-Orl-19KRS
(6:01-cr-88-Orl-28KRS)

## **ORDER**

This case is before the Court on Petitioner's Motion for Miscellaneous Relief Pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. No. 39.) Petitioner requests the Court to "to reopen the 28 U.S.C. § 2255 judgment to cure an [sic] manifest injustice in regards to the Court's previous findings as to movant's plea waiver and . . . it's [sic] subsequent affects [sic] as to movant's sentence." *Id*. Essentially, Petitioner asserts that the Court erred in denying his Section 2255 motion on February 27, 2004, when it determined that he knowingly, intelligently, and voluntarily entered his guilty plea and waived his right to collaterally attack his sentence. In support of this assertion, Petitioner contends that the Court failed to acknowledge that he was released from such waiver pursuant to the terms of his plea agreement because the Government first attacked his sentence by filing a motion for issuance of forfeiture on September 17, 2002, six days before he filed his Section 2255 motion. According to Petitioner, his plea agreement provided that he would

be released from his appeal waiver if the Government exercised its right to collaterally attack the sentence imposed,[1] and the Government did this by filing a motion for forfeiture.

Apart from the fact that Petitioner's Rule 60(b) motion is untimely and essentially another attempt to challenge his sentence in a long history of repeated attacks, Petitioner's motion is without merit. Petitioner offers nothing to support his contention that the Government's motion for forfeiture was an attack on his sentence that released him from the appeal waiver in his plea agreement. Moreover, the Court is unaware of any case law to support Petitioner's position. As such, Petitioner's Motion for Miscellaneous Relief Pursuant to Federal Rule of Civil Procedure 60(b)(6) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida this __12th__ day of August, 2009.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 8/12
Darrell Williams
Counsel of Record

---

[1] Petitioner acknowledges that his plea agreement actually provides that he would be released from the waiver if the Government exercised its right to **appeal** the sentence imposed. However, in order to support his position, Petitioner equates a collateral attack with the right to directly appeal. *See* Doc. No. 39 at 3-4, 5.